UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
**IN RE PETITION OF GEOFFREY** )
**SHEPARD** ) Misc. Action No. 11-44 (RCL)
)
)

**MEMORANDUM OPINION & ORDER**

Before the Court is Geoffrey Shepard's Petition for Order Directing Release of Transcripts of All Testimony Before Watergate Grand Juries [2]. As discussed below, Mr. Shepard seeks the release of sealed grand jury testimony as well as other categories of information, including sealed congressional and trial materials. Upon consideration of the petition, the entire record herein, and the applicable law, the Court will deny the petition for the reasons set forth below.

I. **BACKGROUND**

Mr. Shepard initially moved to intervene in *In re Petition of Stanley Kutler, et al.*, 10-mc-547 (RCL), to oppose disclosure of the materials at issue in that case. On December 13, 2010, this Court denied his motion but stated that it would treat Mr. Shepard's filing as an amicus curiae memorandum. 10-mc-547 [13]. On February 1, 2011, Mr. Shepard filed a petition in the above-captioned case seeking the release of

> all materials that are now in or later come into the possession of the National Archives and Records Administration (NARA) relating to the Watergate scandal that have not heretofore been made public. This would include all materials from Watergate Grand Juries I, II, and III and related materials generated by the Watergate Special Prosecution Force (WSPF); all materials generated in connection with investigations, interviews, and hearings of the Senate Select Committee to Investigate Campaign Practices (Ervin Committee) and of the House Judiciary Impeachment Inquiry of Richard Nixon; and all materials generated in connection with the series of Watergate trials held

1

> before District Judges John Sirica and Gerhard Gesell, along with materials generated by the Circuit Court of Appeals for the DC Circuit and the United States Supreme Court in some eighteen appeals that resulted there from, along with that portion of materials relating to Book II of the Final Report of the Senate Select Committee to Study Government Operations with Respect to Intelligence Activities (Church Committee), The Growth of Domestic Intelligence: 1936 to 1976.

Petition 1, 11-mc-44 [2].

Mr. Shepard also moved to consolidate his case with the Kutler matter. 11-mc-44 [3]. While acknowledging that the Kutler petition "seeks the release of only the grand jury testimony of former President Richard Nixon," Mr. Shepard sought consolidation on the ground that "both petitions involve the same subject matter and the same legal issues." *Id.* at 1. Petitioners in the Kutler matter opposed Mr. Shepard's motion, arguing that "the Shepard petition, which seeks a huge quantity of information, calls for consideration of additional facts and different legal questions." Opp'n to Mot. to Consol. 1, 10-mc-547 [14]. The Court denied the motion to consolidate, explaining that the Shepard petition—which seeks a far broader range of records than the Kutler petition— "raises legal and factual questions that are unnecessary to its resolution of the Kutler petition." Order 2, 11-mc-44 [6].

## II. DISCUSSION

On July 29, 2011, this Court issued a Memorandum Opinion and Order granting the Kutler petition. 10-mc-547 [22]. In so doing, the Court authorized the disclosure of President Richard Nixon's grand jury testimony and associated materials of the Watergate Special Prosecution Force (WSPF), subject to the review procedures of the National Archives and Records Administration (NARA). Thus, to the extent that the

Shepard petition seeks the disclosure of President Nixon's testimony and associated WSPF materials, the Court will deny the petition as moot.

As noted above, however, the Shepard petition seeks a far broader range of records than the Kutler petition. Indeed, Mr. Shepard's principal argument in support of his petition is that "the release of any Watergate grand jury testimony should be done on an 'all or nothing' basis . . . so that all aspects of [Watergate] can be reviewed at the same time and in the same context." Petition ¶¶ 4–6 [2]. Mr. Shepard thus seeks the release of *all* sealed Watergate-related materials "that are now in or later come into the possession of" NARA.[1] His petition covers three categories of sealed information—grand jury, congressional, and trial materials. The Court will consider each category in turn.[2]

### A. *Grand Jury Materials*

Mr. Shepard seeks the release of all materials of the three Watergate grand juries, as well as related WSPF materials. There is a tradition in the United States—one that is "older than our Nation itself"—that proceedings before a grand jury should remain secret. *In re Biaggi*, 478 F.2d 489, 491 (2d Cir. 1973) (quoting *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 295, 399 (1959)). This tradition is codified in Federal Rule of Criminal Procedure 6(e). *See Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218–19 n.9 (1979). But the rule of grand jury secrecy is not without exceptions. In granting the Kutler petition to unseal President Nixon's grand jury testimony, this Court recognized

---

[1] The Court cannot entertain Mr. Shepard's request for materials that "later come into [NARA's] possession," as such materials are unidentifiable at this time. Thus, the Court considers the petition only with respect to those materials already in NARA's possession.

[2] In its opposition to the Kutler petition, the government notes that the Shepard petition seeks—among other things—congressional records that are not in the possession of the executive branch. Gov'ts Opp'n to Pet. to Unseal Tr. Of Nixon's Grand Jury Testimony 1 n.1, 10-mc-547 [16].

that "special circumstances" may justify the release of grand jury materials outside the bounds of Rule 6(e). The Court found that the special circumstances exception, first applied in the Second Circuit, is well grounded in courts' inherent supervisory authority to order the release of grand jury materials. Moreover, the exception, by its very nature, applies only in exceptional circumstances, requiring a nuanced and fact-intensive assessment of whether disclosure is justified.

In assessing the Kutler petition, the Court applied the factors enumerated in *In re Petition of Craig*, 131 F.3d 99 (2d Cir. 1997). These factors include:

> (i) the identity of the party seeking disclosure; (ii) whether the defendant to the grand jury proceeding or the government opposes the disclosure; (iii) why disclosure is being sought in the particular case; (iv) what specific information is being sought for disclosure; (v) how long ago the grand jury proceedings took place; (vi) the current status of the principals of the grand jury proceedings and that of their families; (vii) the extent to which the desired material—either permissibly or impermissibly—has been previously made public; (viii) whether witnesses to the grand jury proceedings who might be affected by disclosure are still alive; and (ix) the additional need for maintaining secrecy in the particular case in question.

*Id.* at 106. The Court found that the relevant factors weighed in favor of unsealing President Nixon's testimony and associated WSPF materials. Specifically, the Court held that the undisputed historical interest in the requested records far outweighs the need to maintain the secrecy of those records.

But the special circumstances exception is not intended for indiscriminate application. Here, the breadth of Mr. Shepard's petition renders disclosure outside of Rule 6(e) inappropriate. Whereas the Kutler petition sought the testimony of a single grand jury witness, the Shepard petition encompasses all testimony and materials associated with *every* witness before *three* grand juries. Thus, the fourth *Craig* factor,

4

which addresses the scope of information sought, weighs heavily against disclosure. Furthermore, the sheer volume of material requested implicates a number of secrecy concerns—none of which Mr. Shepard addresses in his petition. The Kutler petition, by comparison, includes several declarations demonstrating the minimal need to maintain the secrecy of President Nixon's testimony. Mr. Shepard has submitted only one declaration—his own—which does nothing to dispel the Court's secrecy concerns. And the Court's secrecy concerns, given Mr. Shepard's wide-ranging request, are great indeed. In the absence of detailed information addressing those concerns, disclosure of the requested materials is simply unjustified.

### B. *Congressional Materials*

Additionally, Mr. Shepard seeks the release of congressional records generated by the Senate Select Committee to Investigate Campaign Practices (Ervin Committee) and the House Judiciary Impeachment Inquiry of Richard Nixon. The U.S. Senate and House of Representatives determine the rules of access to congressional records held by NARA. For Senate records, access is governed by Senate Resolution 474 of the 96th Congress, under which most records are open to the public after they have been in existence for twenty years. S. Res. 474, 96th Cong. Investigative records "relating to individuals and containing personal data"—like those requested here—are open to the public after fifty years. *Id.* For House records, access is governed by House Rule VII of the 108th Congress, under which most records are open to the public after thirty years. H. Rule VII, 108th Cong. As with Senate records, investigative records—like those requested here—are open to the public after fifty years.

Decisions regarding public access to congressional records are properly committed to Congress. The judiciary has never asserted the institutional competence to make such decisions, and there is no principled basis for doing so here. The Senate and House rules plainly do not permit access to the requested records at this time. Accordingly, the Court cannot grant Mr. Shepard's request.

### C. Trial Materials

Finally, Mr. Shepard seeks the release of sealed trial and appellate materials related to the Watergate criminal trials held before Judges John Sirica and Gerhard Gesell. Many of these records are open to the public, though some items—the items Mr. Shepard seeks here—remain under court seal. *See* http://www.archives.gov/research/investigations/Watergate/#court (last visited July 29, 2011).

For well over a century, courts in the United States have recognized an historic common law right of access to judicial records. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 & nn.7–8 (1978). But the public's "right to inspect and copy judicial records is not absolute." *Id.* at 598. As the Supreme Court has observed, the decision as to access "is one best left to the sound discretion of the trial court." *Id.* at 599. Such discretion should "be exercised in light of the relevant facts and circumstances of the particular case." *Id.* The D.C. Circuit has established a six-factor balancing test to guide courts faced with a motion to seal or unseal judicial records. *See United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980). The *Hubbard* factors balance the public interest in access against the privacy interest in nondisclosure. *See id.* These factors include:

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and

6

privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.

*Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991) (citing *Hubbard*, 650 F.2d at 317–22).

In his petition, declaration, and supporting memorandum, Mr. Shepard focuses entirely on the informational advantages to disclosure—that is, the knowledge that the public will gain if the requested records are unsealed. But Mr. Shepard ignores all other factors relevant to this Court's decision—namely, the privacy interest in nondisclosure. Given the breadth of his request, there are likely numerous parties and third parties whose interests would be implicated by disclosure. Lacking such information, the Court cannot properly balance the factors enumerated above to determine whether disclosure is warranted. Mr. Shepard can certainly file a more detailed petition addressing the Court's concerns. At this time, however, the Court will not exercise its discretion to unseal the requested records.

## III. <u>CONCLUSION</u>

For these reasons, it is hereby

ORDERED that Mr. Shepard's Petition [2] as to President Nixon's grand jury testimony and associated materials of the Watergate Special Prosecution Force is DENIED as moot; and it is furthermore

ORDERED that Mr. Shepard's Petition [2] as to all other requested records is DENIED without prejudice.

**SO ORDERED**

Signed by Royce C. Lamberth, Chief Judge, on July 29, 2011.