UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PETITION FOR ORDER DIRECTING RELEASE OF TRANSCRIPTS OF TESTIMONY BEFORE WATERGATE GRAND JURIES | No. 11-mc-44 (BAH)<br><br>Chief Judge Beryl A. Howell |

## ORDER

Pending before the Court are three motions filed by petitioner Geoffrey C. Shepard, who is proceeding *pro se*, regarding the unsealing of certain records related to the Watergate Special Prosecution Force's ("WSPF's") investigation of the Watergate scandal. *See generally* Subm. of Supp. Info. & Request for Hearing ("First Mot. for Hr'g"), ECF No. 16; Mot. Amend Court's Mem. & Order ("Mot. Amend."), ECF No. 19; Request for Hr'g ("Second Mot. Hr'g"), ECF No. 22. Mr. Shepard's earlier petitions to unseal Watergate-related materials—including documents submitted to the grand jury by the WSPF or then–Chief Judge John Scirica and transcripts of statements made to the House of Representatives by the WSPF or then–Chief Judge Scirica—were denied, except with regard to the Watergate grand jury's Report and Recommendation, transmitted to the United States House of Representatives (the "Road Map"). *See* Mem. & Order, dated May 22, 2017, at 9, ECF No. 18. The Court concluded that, "without further examination of the material contained in the report itself," it was unable to "assess whether disclosure might be appropriate." *Id.* at 8. Accordingly, the Court withheld ruling on the disclosure of the Road Map until it had "an opportunity to review the report." *Id.* The Court thus directed the National Archives and Records Administration ("NARA"), the current custodian of the Road Map, to "produce for the Court for *ex parte*, *in camera* review, a copy of [the Watergate grand jury's] report and recommendation that was transmitted to the House of Representatives," *id.* at 9, and directed the government to "file an *ex parte*, *in camera* memorandum regarding what information

1

contained in the report and recommendation is not already public," *id.* NARA and the government made those filings on June 22, 2017. *See generally* Notice of Ex Parte, In Camera Submission, ECF No. 20; National Archives & Records Administration's Ex Parte, In Camera Submission ("NARA Mem."), ECF No. 24 (filed under seal). This case was reassigned to the undersigned on September 20, 2018. *See* Minute Entry (dated Sept. 20, 2018).

The Road Map "consists of a two-page summary statement, followed by 53 individually numbered statements," each of which "provides citations to documents supporting that statement." NARA Mem. at 1.[1] According to NARA, "there are 97 documents supporting the 53 statements of information." *Id.* NARA "was able to locate duplicates of 81 of the documents included in the Roadmap" that had been "published or released in the Watergate collection or elsewhere in the public domain." *Id.* at 1–2. In light of this previous public disclosure, and "[w]ithout prejudice to the Department of Justice's earlier argument with respect to the permissible scope of [Federal Rule of Criminal Procedure] 6(e), NARA does not object to the release of the 81 documents in the Roadmap (and corresponding portions of the report) that NARA located in the House Judiciary Committee Report or elsewhere in the public domain, subject to ordinary NARA processing and redactions to protect personal privacy." *Id.* at 2. Accordingly, NARA is directed to conduct its normal review and processing procedures to release the 2-page summary, 53 statements, and those 81 documents in the Road Map.

Given the status of this matter and the materials received by the Court, the petitioner's two motions for hearings are denied as unnecessary, since the papers from both the petitioner and the Department of Justice ("DOJ") provide ample explanation for the arguments on all sides. The petitioner's motion to amend the Court's May 22, 2017 Order, such that the Order would

---

[1] With the government's consent, portions of NARA's *ex parte*, *in camera* declaration are unsealed to the extent necessary to explain the reasoning for the directions given in this Order.

direct NARA to "produce any transcripts of what WSPF prosecutors told Grand Jury 1, during January or February, 1973," Mot. Amend at 5, is also denied, given the Court's previous orders, and fulsome explanations, denying the petitioner's request for disclosure of grand jury transcripts. *See* Mem. Op. & Order, dated July 29, 2011, at 3–5, ECF No. 7; Mem. & Order, dated February 3, 2012, at 3, ECF No. 11; Mem. & Order, dated May 23, 2017, at 3–7, ECF No. 18. Accordingly, it is hereby

**ORDERED** that the petitioner's First Request for Hearing, ECF No. 16; Motion to Amend the Court's Memorandum and Order of May 22, 2017, ECF No. 19; and Second Request for Hearing, ECF No. 22, are **DENIED**; and it is further

**ORDERED** that NARA shall promptly begin the process of reviewing and releasing the 2-page summary, 53 statements, and 81 documents described in its *ex parte*, *in camera* submission that are included in the House Judiciary Committee Report or that have otherwise been made publicly available; and it is further

**ORDERED** that the Department of Justice shall file, on November 9, 2018, and every 30 days thereafter, a status report informing the Court of the status of NARA's review process; and it is further

**ORDERED** that the Department of Justice shall, by October 22, 2018, review the 16 remaining documents in the Road Map that NARA has not been able to locate publicly, and shall contact any individuals whose privacy might be implicated by the release of those 16 documents to ascertain their views regarding whether those 16 documents may be released.

**SO ORDERED.**

Date: October 11, 2018

```
                                    _____
                                    BERYL A. HOWELL
                                    Chief Judge
```